UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE LANE,

    Plaintiff,

v.

PONTIAC OSTEOPATHIC HOSPITAL,

    Defendant.
    _____/

Case No. 09-12634

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]**

Plaintiff Joe Lane filed this action alleging that Defendant Pontiac Osteopathic Hospital ("POH") interfered with rights afforded to him by the Family and Medical Leave Act ("FMLA").[1] 29 U.S.C. § 2615(a)(1). This matter comes before the Court on Defendant POH's motion for summary judgment. Defendant POH contends that it did not interfere with the authorized leave Plaintiff requested and that Plaintiff was neither entitled to nor gave sufficient notice of additional leave. Defendant POH's motion is GRANTED.

**I.    Facts**

In February 2007, Plaintiff began working for Defendant POH as a Medical Technologist, analyzing biological fluids in a laboratory. (Def.'s Ex. A, Pl.'s Dep. 3.) His supervisor was Mary Lee Anzick, the Director of the Laboratory. (*Id.* at 6.)

In March 2008, Plaintiff applied for a six-month intermittent leave of absence under

---

[1]In his Complaint filed on July 7, 2009, Plaintiff sought relief for alleged violations of the FMLA based upon both interference and retaliation. (Compl. ¶¶ 13-14.) He subsequently withdrew the retaliation claim. (Def.'s Resp. 3.)

the FMLA. (Def.'s Ex. C, Leave Request Form.) The Certification of Health Care Provider form submitted in support of his request explained that he would be "providing food . . . and . . . transportation to doctors appointments" for his mother, who was suffering from diabetes, high blood pressure, weight loss, and arthritis. (Def.'s Ex. D, Certification of Health Care Provider.) At the time, Plaintiff was living in his mother's home. (Def.'s Ex. A, Pl.'s Dep. 16.) Defendant POH granted Plaintiff intermittent FMLA leave for the period from March 22, 2008 through September 22, 2008. (Def.'s Ex. E, Response to Request for Leave.)

During this period, Plaintiff regularly left work to assist his mother with meals and to take her to doctors appointments. He took meals to her "probably" everyday he worked in July. (Def.'s Ex. A, Pl.'s Dep. 19.) Additionally, he testifies that Ms. Anzick, his supervisor, did not give him difficulty when he was unable to tell her of unscheduled doctors appointments beforehand. (*Id.* at 17-18.)

Plaintiff failed to show up to work between July 23, 2008 and August 1, 2008. (*Id.* at 20.) On August 1, 2008, Plaintiff was terminated by Defendant POH pursuant to a company policy that absence for a period of seven consecutive calendar days without proper application or approval is grounds for dismissal. (Def.'s Ex. F, Letter from Gibbard to Lane.)

Plaintiff concedes that his four absences from Wednesday, July 23, 2008 through Monday, July 28, 2008 "probably [were] not" protected by the FMLA.[2] (Def.'s Ex. A, Pl.'s Dep. 27.) In a telephone discussion on Monday, July 28, 2008, Plaintiff informed Ms.

---

[2]July 26 and 27, 2008 were weekend days on which Plaintiff was not required to work.

Anzick, his supervisor, that he would not be at work because of flooding in the basement of his mother's home that had begun on Wednesday of the previous week. (Def.'s Ex. I, Anzick Aff. ¶ 3.) Plaintiff claims that his three subsequent absences from Tuesday, July 29, 2008 through Thursday, July 31, 2008 were protected by the FMLA because he took them to clean up the flooding, and thus there were no grounds for his termination.[3] (Def.'s Ex.'s A, Pl.'s Dep. 27.) He states that his mother had hepatitis and the stagnant water was a "breeding ground" for the disease. (*Id.* at 26-27.)

With regards to their telephone discussion on Monday, July 28, 2008, Ms. Anzick testifies that Plaintiff told her his mother was vacationing in Alabama at the time and that he never disclosed that she had hepatitis. (Def.'s Ex. I, Anzick Aff. ¶¶ 4-7.) Plaintiff did not deny this in his deposition, stating, "I might have told [Ms. Anzick] that, but [my mother] was at home." (Def.'s Ex. A, Pl.'s Dep. 25.) Yet, in his affidavit filed in response to Defendant POH's motion for summary judgment, Plaintiff states that he never told Ms. Anzick his mother was vacationing in Alabama. (Pl.'s Aff. ¶ 3.)

Plaintiff seeks relief for interference of rights afforded to him by the FMLA. (Compl. ¶¶ 13-14.) This matter is presently before the Court on Defendant POH's motion for summary judgment filed on March 7, 2010. (Def.'s Mot. for Summ. J.)

## II. Standard of Review for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any

---

[3] Plaintiff additionally testifies that he missed work during this period because of his own dental appointments. (Def.'s Ex. A, Pl.'s Dep. 20.) However, he cannot recall the dates of the appointments (*id.* at 23) and his dental records indicate that his only appointment during the period at issue was on August 1, 2008 at 12:00 p.m. - five hours after his shift's 7:00 a.m. starting time (Def.'s Ex. G, Account History Report).

3

material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III. Analysis

There are two theories for recovery under the FMLA: Interference and retaliation. *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004). Since Plaintiff has withdrawn his argument based upon the latter, his claim rests solely on his contention that Defendant POH has interfered with rights afforded to him by the FMLA.

4

The FMLA provides an interference cause of action when any employer "interfere[s] with, restrain[s] or den[ies] the exercise of or attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). In order for a plaintiff to prevail on an interference claim he must establish that:

> (i) he is an "[e]ligible employee," 29 U.S.C. § 2611(2);
> (ii) the defendant is an "[e]mployer," 29 U.S.C. § 2611(4);
> (iii) the employee was entitled to leave under the FMLA, 29 U.S.C. § 2612(a)(1);
> (iv) the employee gave the employer notice of his intention to take leave, 29 U.S.C. § 2612(e)(1); and
> (v) the employer denied the employee FMLA benefits to which he was entitled.

*Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003).

In its motion for summary judgment, Defendant POH contends Plaintiff was not denied the authorized leave he requested. Rather, Defendant POH argues that Plaintiff was not entitled to additional leave because he failed to provide it with sufficient notice for that additional leave.

**A. Interference with Authorized Requested Leave**

Defendant POH contends that it did not deny Plaintiff the authorized FMLA leave he requested and presents supporting evidence. Plaintiff fails to respond to this assertion and does not present any evidence disputing Defendant POH's claimed compliance.

The Certification of Health Care Provider form that Plaintiff submitted to Defendant POH in support of his FMLA request stated that his leave would be intermittent and that he would be "providing food . . . and . . . transportation to doctors appointments" for his mother. (Def.'s Ex. D, Certification.) Defendant POH granted the request. (Def.'s Ex. E, Response to Request for Leave.) Plaintiff acknowledges that, pursuant to his request, he

5

took his mother to various doctors appointments and "probably" took meals to his mother everyday he worked in July. (Def.'s Ex. A, Pl.'s Dep. 19.) Additionally, he testifies that no one at Defendant POH gave him difficulty when he was unable to tell Ms. Anzick, his supervisor, of unscheduled doctors appointments beforehand. (*Id.* at 17-18.) Because Plaintiff fails to present any disputing evidence, Defendant POH is entitled to summary judgment on Plaintiff's claim that it interfered with Plaintiff's requested authorized leave.

**B. Interference with Leave for the Three Flood-Cleaning Days**

Plaintiff claims that three of his absences which ultimately led to his dismissal are protected by the FMLA because he was cleaning up his mother's flooded basement. Defendant POH argues that these absences are not protected because (1) he was not entitled to this leave under the FMLA, and (2) he did not provide sufficient notice of the need for additional leave.

**1. Entitlement to Leave for the Three Flood-Cleaning Days**

Defendant POH first argues that Plaintiff was not entitled to FMLA leave for his three-day absence to clean up the flooding because it was not medically or otherwise necessary for his mother's care. Plaintiff responds that it was medically necessary that he clean up the flooding because his mother had hepatitis and the stagnant water in her basement created a breeding ground for the disease. After a brief discussion of the relevant FMLA provisions, this Court addresses whether Plaintiff was entitled to FMLA leave for the three flood-cleaning days.

First, under the FMLA, leave may be taken intermittently in order to care for a parent's serious health condition "when medically necessary." 29 U.S.C. § 2612; *see also* 29 C.F.R. § 825.202(b) ("For intermittent leave . . . taken . . . to care for a parent . . . with a serious

6

health condition . . . there must be a medical need for leave."); *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 86 (2002) ("FMLA leave must be granted, when medically necessary, on an intermittent . . . basis.") (citation omitted).

An employer may require medical certification in support of a request for intermittent leave. 29 U.S.C. § 2613(b)(6). The certification must include a statement of medical necessity from a physician, which confers the determination of medical necessity to the physician. *Id.*

In this case, Defendant POH required such certification. The physician who provided it for Plaintiff indicated that he needed to assist his mother with meals and to transport her to doctor's appointments. (Def.'s Ex. D, Certification.) Because the three days in which Plaintiff was absent to clean up the flooding was not the type of leave covered by his statement of medical necessity, Plaintiff cannot establish interference with his previously approved FMLA leave.

Second Plaintiff has not shown that the three days of leave taken to clean up the flooding were needed to care for his mother. The medical certification provision requires that leave only be taken when an employee is "needed to care for" a family member. 29 C.F.R. § 825.124(a). However, "[t]he FMLA does not provide leave for every family emergency." *Overley v. Covenant Transport, Inc.*, 178 F. App'x 488, 494 (6th Cir. 2006). Instead, "[t]he reason for leave must fall under the statute and accompanying regulations." *Id.* The FMLA defines need to care for a family member to encompass "both physical and psychological care," including "situations where, for example . . . the family member is unable to care for his or her own basic medical, hygienic, or nutritional needs or safety." 29 C.F.R. § 825.124(a).

7

To fall under the FMLA's protections, Plaintiff is required to present evidence that his mother's basement had to be immediately cleaned for her basic medical, hygienic, or safety needs and that he had to do it because she could not. Plaintiff fails to make any such demonstration.

In *Overley v. Covenant Transport, Inc.*, the Sixth Circuit affirmed the district court's grant of summary judgment for the defendant when the plaintiff missed work to meet with the overseer of her severely disabled daughter's trust. *Overley*, 178 F. App'x at 494-95. The court rejected the plaintiff's FMLA interference claim, finding that she "put forth no evidence to suggest [postponing the meeting would] place[] her daughter in danger of not receiving the necessary care." *Id.* at 495. The court explained:

> Even assuming that this meeting qualifies as providing FMLA-qualifying "care," there is no indication that it needed to occur on [the date it did] . . . [The plaintiff] testified that the remainder of the day was spent picking up her daughter's laundry (as she did every week), making a preliminary visit with a funeral home, and visiting her daughter to check on her care and condition. Such routine activities do not qualify as "physical or psychological care" under the FMLA, even under the broadest reading of the statute . . . As [the plaintiff] has not shown that she was "needed to care for" her daughter on [the date the meeting took place] or that her activities on this day qualified as "care" under the governing regulations, she has not shown that she was entitled to leave under the FMLA.

*Id.*

Likewise, here, Plaintiff fails to present evidence that his mother's hepatitis was in danger of being aggravated if Plaintiff did not immediately clean the flooding.

Because Plaintiff has not shown that his three-day absence to clean up the flooding was both medically necessary and needed to care for his mother, Defendant POH is entitled to summary judgment on that portion of his FMLA interference claim.

### 2. Notice of Leave for the Three Flood-Cleaning Days

Defendant POH also argues that Plaintiff failed to provide it with adequate notice of his intention to take FMLA leave because his mother had hepatitis and it was necessary for him to take time off work to see that the flooding in her basement was remedied.

First, a question arises with regard to whether this Court may consider Plaintiff's affidavit, which, if considered, may create an issue of material fact as to whether Plaintiff gave adequate notice. Ms. Anzick, Plaintiff's supervisor, testifies that Plaintiff told her his mother was vacationing in Alabama at the time of the flood. (Def.'s Ex. I, Anzick Aff. ¶¶ 4-7.) Plaintiff did not deny this when given the chance in his oral deposition (Def.'s Ex. A, Pl.'s Dep. 25), yet now files an affidavit in response to Defendant POH's motion for summary judgment stating that he never told Ms. Anzick that his mother was vacationing in Alabama (Pl.'s Aff. ¶ 3). It is not disputed, however, that Plaintiff never told Defendant POH that his mother had hepatitis or that it was medically or otherwise necessary for him to immediately clean the flooded basement.

A court may not consider an affidavit filed in response to a motion for summary judgment that contradicts Plaintiff's prior sworn deposition testimony. *Penny v. United Parcel Service*, 128 F.3d 408, 415 (6th Cir. 1997). In *Penny v. United Parcel Service*, the plaintiff, arguing that an impairment affecting his ability to walk rose to the level of disability, testified in a deposition that he had recently gone on fishing and hunting trips. *Id.* When the plaintiff subsequently filed an affidavit claiming that these trips did not require him to walk, the court stated, "We do not consider this affidavit . . . because a party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony." *Id.*

Although not a direct reversal of position, Plaintiff's affidavit here is an essential

9

contradiction similar to that in *Penny*. As in *Penny*, there is a single reasonable conclusion that may be taken from Plaintiff's deposition testimony: Plaintiff told Ms. Anzick that his mother was vacationing in Alabama at the time of the flood. To now claim that he did not tell Ms. Anzick his mother was vacationing in Alabama essentially contradicts this testimony.

Second, even with the affidavit, Plaintiff has failed to present evidence from which a jury could reasonably conclude that he gave adequate notice to Defendant POH of his intention to take FMLA-qualifying leave. To gain the protection of the FMLA, an employee owes a duty to his or her employer to provide notice of the need for FMLA leave. *See* 29 U.S.C. § 2612(e)(2)(B). "[T]he critical test for substantively-sufficient notice is whether the information that the employee conveyed to the employer was reasonably adequate to apprise the employer of the employee's request to take leave for a serious health condition." *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 421 (6th Cir. 2004).

Plaintiff points out that an employee's duty is to "provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave." 29 C.F.R. 825.302(c). Plaintiff failed to do that here.

Plaintiff spoke with Ms. Anzick, his supervisor, on Monday, July 28, 2008 and explained that he would not be at work that day because of a flood in his mother's basement that had begun on Wednesday, July 23, 2008. (Def.'s Ex. I, Anzick Aff. ¶¶ 3-7.) He now says this was sufficient notice to protect his three subsequent absences, despite the fact that he had already been absent the previous three workdays. Moreover, Ms. Anzick avers that Plaintiff never told her that he needed the time off to clean his mother's basement because his mother was sick. (*Id.* at ¶¶ 6-7.) Plaintiff does not dispute that Ms.

10

Anzick was unaware that his mother had hepatitis. Plaintiff presumably had the opportunity to tell Ms. Anzick of these facts at any point after the flood began on Wednesday, July 23, 2008, and clearly had the chance to do so during their telephone discussion on Monday, July 28, 2008. Because Plaintiff failed to notify Defendant POH that the flooded basement was a danger to his mother's health or even that she suffered from hepatitis, his FMLA interference claim fails.

*See Beaver v. RGIS Inventory Specialists, Inc.*, 144 F. App'x 452, 456 (6th Cir. 2005) (holding the plaintiff's note stating that she needed to put off returning to work for a couple of days was not sufficient notice because it failed to indicate she could not work because of an illness).

*See also Brenneman*, 135 F.3d at 424 (holding the diabetic plaintiff's statement that he "wasn't doing well and . . . wouldn't be in today" was not sufficient notice because "even if . . . defendant knew of plaintiff's diabetes and his past need for FMLA leave for diabetes-related absences, they are insufficient to create a genuine issue of material fact.").

## IV. Conclusion

For the above-stated reasons, Defendant POH's motion for summary judgment is GRANTED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: June 21, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 21, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager